**Maria Guadalupe PEREZ–VAZQUEZ, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 10–71858.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 17, 2012.*

Filed Feb. 27, 2012.

Dennis Alan Grossman, Grossman Law Offices APLC, Fresno, CA, for Petitioner.

OIL, John D. Williams, Esquire, Katharine Clark, Esquire, Trial, DOJ–U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: TASHIMA and SILVERMAN, Circuit Judges, and ADELMAN, District Judge.**

**MEMORANDUM ***

Maria Guadalupe Perez–Vazquez petitions for review of a final order of removal denying cancellation of removal. The Board of Immigration Appeals held that Perez–Vazquez's 2002 California Welfare and Institutions Code § 10980(c)(2) "felony" welfare fraud conviction was an adverse factor that weighed against good moral character under the "catchall" sentence of 8 U.S.C. § 1101(f).[1] However, the conviction was not a felony. It was reduced to a misdemeanor at sentencing pursuant to California Penal Code § 17(b)(3). The Board was bound by the state's characterization of the crime as a misdemeanor. *Garcia–Lopez v. Ashcroft*, 334 F.3d 840, 845 (9th Cir.2003). Therefore, we remand for the BIA to reconsider its good moral character determination.[2]

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* The Honorable Lynn S. Adelman, United States District Judge for the Eastern District of Wisconsin, sitting by designation.

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. The "catchall" provides, "[t]he fact that any person is not within any of the foregoing classes shall not preclude a finding that for other reasons such person is or was not of good moral character." *Id.*

2. We decline to consider the remaining arguments made by petitioner and the government. Moreover, the scope of our review is limited to the grounds actually relied on by the BIA. *See Santiago–Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir.2011).

PETITION GRANTED AND RE-MANDED.